UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODNEY BRANHAM #154900,

        Plaintiff,                              Case No. 2:07-cv-243

v.                                                   Honorable R. Allan Edgar

TERRY MALLOY, et al.,

        Defendants.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on May 1, 2008. The Report and Recommendation was duly served on the parties. The Court received objections (docket #10) from the Plaintiff. Plaintiff has also filed a motion to supplement his objections and a proposed supplemental pleading. Plaintiff's motion (docket #11) is granted and the supplemental pleading will be considered along with the objections to the report and recommendation. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

Plaintiff contends that the Magistrate Judge erred in recommending dismissal of his Eighth Amendment denial of medical care claims. As noted in the report and recommendation, the grievance responses which are attached to Plaintiff's complaint indicate that Plaintiff had his special diet requests reviewed by the physician and dietician, was prescribed a low fat diet, which was subsequently changed to a 2 gm. Potassium, low-fat diet with three daily snacks. Plaintiff

complained that he did not receive his diet immediately after they were ordered, and the grievance responses show that there was a delay in processing the diet requests. According to the responses to Plaintiff's grievances, his complaints were investigated, the situation was corrected and he was given the necessary diets. The responses also indicate that Plaintiff was occasionally noncompliant with attending his appointments.

In his objections, Plaintiff states that the Magistrate Judge improperly "decided the facts." Plaintiff offers copies of health care requests dated October 29, 2006, and December 8, 2006, in which he claimed that his low fat diet was improperly cancelled and that he was not receiving snack bags. Defendant Oatley's response to the October 29 kite, which complained about the lack of snack bags, states that Plaintiff had asked to be taken off his low fat diet and that he was not entitled to snack bags as part of a regular diet because there is enough calories on a regular tray. The response states that Plaintiff's weight had been 119 pounds since May of 2006, and that when staff asks to get his weight, he should comply so that his progress can be assessed. In the response to the December 8 kite, in which Plaintiff claims that he never asked for his diet to be discontinued, Defendant Oakley states that Plaintiff's diet would be reinstated per his request. Defendant Oakley further states that she would not recommend a regular diet with three low fat snacks, and that the snacks were only ordered to make up for the calories lost on the low fat diet.

Plaintiff also offers, as part of his supplemental pleading, a copy of a May 27, 2008, grievance and the step I response. According to the grievance, Plaintiff was seen by Dr. Folker at Marquette General Hospital on February 1, 2006, and that he recommended that Plaintiff receive a cat scan. Plaintiff states that he never received the cat scan. The step I response, which is dated June 12, 2008, states that Plaintiff's grievance was correct and that an appointment had been made for Plaintiff to re-evaluate the issue.

As noted by the Magistrate Judge in the report and recommendation, the Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). However, the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). As noted in the report and recommendation, Plaintiff's allegations show that he "received some medical attention and the dispute is over the adequacy of the treatment." *Id.* Such claims do not implicate the Eighth Amendment. *Id*; *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. Apr. 4, 1997). Therefore, the court will dismiss Plaintiff's Eighth Amendment claims.

Plaintiff also claims that the Magistrate Judge erred in recommending dismissal of his retaliation claims. However, Plaintiff fails to allege any additional facts in support of this assertion. Therefore, the court will dismiss Plaintiff's retaliation claims.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and plaintiff's action will be

dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). This is a dismissal described by 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.

Dated:     1/5/09                             */s/ R. Allan Edgar*
                                              R. ALLAN EDGAR
                                              UNITED STATES DISTRICT JUDGE